Citation Nr: 1008488 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-26 213A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-
Salem, North Carolina


THE ISSUE

Entitlement to service connection for a left knee 
hyperextension injury.


ATTORNEY FOR THE BOARD

F. Yankey, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1983 to July 
2006. This case comes before the Board of Veterans' Appeals 
(Board) on appeal of a September 2006 rating decision of the 
Department of Veterans Affairs (VA) Regional Office (RO) in 
Winston-Salem, North Carolina.

In August 2007, the Veteran filed a notice of disagreement 
with the September 2006 rating decision which granted service 
connection and a 10 percent evaluation for a cervical spine 
strain. In his September 2008 VA Form 9, the Veteran 
indicated that he was only appealing the issue of entitlement 
to service connection for a left knee hyperextension injury. 
He has not submitted a substantive appeal with regard to the 
issue of an increased rating for his service-connected 
cervical spine strain, and the issue has not been certified 
for appeal. Accordingly, the Board will not consider this 
issue.

A July 2008 rating decision granted service connection for 
thoracolumbar disc herniation, claimed as low back injury 
with right leg/foot numbness. This was a full grant of the 
benefit sought with regard to that issue. Grantham v. Brown, 
114 F .3d 1156 (Fed. Cir. 1997).


FINDING OF FACT

A current left knee disability, was incurred as the result of 
an injury during active military duty.


CONCLUSION OF LAW

A left knee disability was incurred in active duty. 38 
U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303 (2009).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. 
No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 
U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 
2002 & Supp. 2009) defined VA's duty to assist a Veteran in 
the development of a claim. VA regulations for the 
implementation of the VCAA were codified as amended at 38 
C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2009).

The VCAA is not applicable where further assistance would not 
aid the appellant in substantiating his claim. Wensch v. 
Principi, 15 Vet App 362 (2001); see 38 U.S.C.A. § 
5103A(a)(2) (Secretary not required to provide assistance 
"if no reasonable possibility exists that such assistance 
would aid in substantiating the claim"); see also VAOPGCPREC 
5-2004; 69 Fed. Reg. 59989 (2004) (holding that the notice 
and duty to assist provisions of the VCAA do not apply to 
claims that could not be substantiated through such notice 
and assistance). In view of the Board's favorable decision 
in this appeal, further assistance is unnecessary to aid the 
appellant in substantiating the claim. 

Legal Criteria

Service connection will be granted if the evidence 
demonstrates that a current disability resulted from an 
injury or disease incurred in or aggravated by active 
military service. 38 U.S.C.A. § 1110, 1131; 38 C.F.R. 
§ 3.303(a). 

Establishing service connection generally requires (1) 
medical evidence of a current disability; (2) medical or, in 
certain circumstances, lay evidence of in-service incurrence 
or aggravation of a disease or injury; and (3) medical 
evidence of a nexus between the claimed in-service disease or 
injury and the present disability. Shedden v. Principi, 381 
F.3d 1163, 1167 (Fed. Cir. 2004); see Caluza v. Brown, 7 Vet. 
App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 
(Fed.Cir.1996) (table); see also Shedden v. Principi, 381 
F.3d 1163, 1167 (Fed. Cir. 2004); Hickson v. West, 12 Vet. 
App. 247, 253 (1999); 38 C.F.R. § 3.303. 

Under 38 C.F.R. § 3.303(b), an alternative method of 
establishing the second and third Shedden/Caluza element is 
through a demonstration of continuity of symptomatology. 
Barr v. Nicholson, 21 Vet. App. 303 (2007); see Savage 10 
Vet. App. 488, 495-97 (1997); see also Clyburn v. West, 12 
Vet. App. 296, 302 (1999). Continuity of symptomatology may 
be established if a claimant can demonstrate (1) that a 
condition was "noted" during service; (2) evidence of post-
service continuity of the same symptomatology; and (3) 
medical or, in certain circumstances, lay evidence of a nexus 
between the present disability and the post-service 
symptomatology. Savage, 10 Vet. App. at 495-96; see Hickson, 
12 Vet. App. at 253 (lay evidence of in-service incurrence 
sufficient in some circumstances for purposes of establishing 
service connection); 38 C.F.R. § 3.303(b).

In relevant part, 38 U.S.C.A. 1154(a) (West 2002) requires 
that VA give "due consideration" to "all pertinent medical 
and lay evidence" in evaluating a claim for disability or 
death benefits. Davidson v. Shinseki, 581 F.3d 1313, 1316 
(Fed.Cir.2009).

"[L]ay evidence can be competent and sufficient to establish 
a diagnosis of a condition when (1) a layperson is competent 
to identify the medical condition, (2) the layperson is 
reporting a contemporaneous medical diagnosis, or (3) lay 
testimony describing symptoms at the time supports a later 
diagnosis by a medical professional." Jandreau v. 
Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also 
Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) 
("[T]he Board cannot determine that lay evidence lacks 
credibility merely because it is unaccompanied by 
contemporaneous medical evidence").

"Symptoms, not treatment, are the essence of any evidence of 
continuity of symptomatology." Savage, 10 Vet. App. at 496 
(citing Wilson v. Derwinski, 2 Vet. App. 16, 19 (1991). Once 
evidence is determined to be competent, the Board must 
determine whether such evidence is also credible. See Layno, 
supra (distinguishing between competency ("a legal concept 
determining whether testimony may be heard and considered") 
and credibility ("a factual determination going to the 
probative value of the evidence to be made after the evidence 
has been admitted").

For the showing of chronic disease in service, there is 
required a combination of manifestations sufficient to 
identify the disease entity, and sufficient observation to 
establish chronicity at the time, as opposed to merely 
isolated findings or a diagnosis including the word 
"chronic." When the fact of chronicity in service (or 
during any applicable presumptive period) is not adequately 
supported, then a showing of continuity after discharge is 
required to support the claim. 38 C.F.R. § 3.303(b).

Service connection may be granted for any disease initially 
diagnosed after service, when all the evidence, including 
that pertinent to service, establishes that the disease was 
incurred in service. 38 C.F.R. § 3.303(d) (2009).

Analysis

The competent medical evidence of record shows that the 
Veteran has a current left knee disability. The Veteran was 
afforded a pre-discharge examination in April 2006. At that 
time, he reported an injury to his left knee during officer's 
candidate school as a result of hyperextending his left knee 
while running an obstacle course. He indicated that since 
his in-service injury, he had experienced recurring episodes 
of weakness, stiffness, swelling, giving way, lack of 
endurance and locking. He also complained of stiffness and 
soreness after prolonged exertion such as walking and 
climbing stairs; aggravation of his knee pain by running, 
jumping and walking; and stiffness and soreness in the knee 
after sitting for prolonged periods with his knees bent. The 
Veteran also complained of a grinding sensation in the left 
knee joint, elicited by hyperextension of the knee. Physical 
examination of the left knee revealed normal findings and the 
examiner concluded that there was no detectable pathology to 
render a diagnosis and that the Veteran's condition had 
resolved.

However, treatment records from Carteret Surgical Associates 
show that on examination in May 2007, the Veteran again 
reported that he sustained an injury to his left knee in 
officer training school in the Marines while going over an 
obstacle course, which resulted in posttraumatic large 
effusion. According to the Veteran, at the time of his 
injury, he was evaluated and told that he just sprained his 
knee and advised to keep going. The Veteran also reported 
that since his in-service injury, he had continued episodes 
of hyperextension and loss of neuromuscular control in the 
knee. After a physical examination, the Veteran was 
diagnosed with a left knee anterior cruciate ligament (ACL) 
deficiency. And more recently, on examination in June 2009, 
the examiner noted the Veteran's complaints of instability of 
the left knee with high-level athletic activities and 
turning, shifting and pivoting activities, going back to his 
time in officer candidate school. He also noted the 
Veteran's complaints of recurrent swelling and pain in the 
left knee. The examiner indicated that evidence from an MRI 
of the left knee revealed a complete tear of the Veteran's 
ACL, which appeared chronic, and a tear of the posterior horn 
of the medial meniscus. He also recommended that the Veteran 
undergo left knee diagnostic and operative arthroscopy with 
partial medial meniscectomy. Accordingly, the Board finds 
that the evidence is in favor of a finding that there is a 
current disability.

Service treatment records show that in August 2000, the 
Veteran was seen for complaints of left knee pain and limited 
flexibility, which started after running three weeks prior. 
On examination, there was full range of motion without pain 
and tenderness to palpation of the medial patellar. He was 
diagnosed with patellofemoral syndrome. In a May 2003 
medical assessment, the Veteran reported a left knee injury 
during officer candidate school on the obstacle course, a 
reinjury to the knee during basic training and PT and 
subsequent injuries throughout his career of over 22 years. 
A June 2003 report of medical history, the Veteran indicated 
that he had a tricked or locked knee three times, and a 
November 2003 medical assessment notes that the Veteran 
hyperextended his knee three times in 1982 while running an 
obstacle course as an officer candidate, two times as a 
platoon commander in 1990 and numerous times during PT. In 
August 2004, the Veteran was seen for complaints of left knee 
pain and swelling from a hyperextension injury the day before 
while playing racquetball. Examination revealed effusion, 
patellar apprehension and positive vargus stress. Pain was 
noted with Drawer test, Lachman's test and McMurray's test. 
The assessment was possible meniscal injury. The Veteran's 
March 2006 separation examination also noted the Veteran's 
reported left knee injury.

The Veteran has submitted statements, contending that he has 
had left knee pain, swelling, soreness, weakness, 
instability, hyperextension and loss of control since he 
injured his left knee in service while running an obstacle 
course in officer's candidate school. See August 2007 notice 
of disagreement and September 2008 VA Form 9. Furthermore, 
as noted above, the contemporaneous medical evidence of 
record shows that as early as May 2007, less than one year 
after his discharge from service, the Veteran was diagnosed 
with a left knee disability. He was diagnosed with a left 
knee disability again in 2009. The Veteran's statements, 
along with the aforementioned medical evidence of record, 
provide competent evidence of a left knee injury during 
active duty and a continuity of symptoms since. They provide 
a sufficient basis for establishing service connection. 
Davidson, Jandreau, Barr. Resolving reasonable doubt in the 
appellant's favor, the claim is granted. 38 U.S.C.A. 
§ 5107(b) (West 2002).


ORDER

Service connection for a left knee hyperextension injury is 
granted.



____________________________________________
K. J. ALIBRANDO
Acting Veterans Law Judge, Board of Veterans' Appeals




 Department of Veterans Affairs